IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-155-TAV-DCP |
| | ) | |
| MARCUS SINGLETON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This case came before the Court on November 9, 2018, for an initial appearance and arraignment for Defendant Marcus Singleton. Assistant United States Attorney David C. Jennings appeared on behalf of the Government. Attorney Michael B. Menefee represented Defendant Singleton, who was also present.

The schedule in this case was established on October 3, 2018, at the initial appearance and arraignment of Codefendant Jamaur Templin. At that time, the Court set a trial date of December 11, 2018. Following Defendant Singleton's arraignment, Mr. Menefee made an oral motion to continue the trial and schedule. He stated that he had received the discovery in this case today and needed time to prepare the case for trial. He asked the Court to continue the trial to early 2019. AUSA Jennings said the Government did not object to a trial continuance. The parties agreed on a new trial date of February 12, 2019.

The Court finds defense counsel's oral motion to continue the trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defendant Singleton stands charged [Doc. 1] along with Codefendant Templin with the Hobbs Act robbery of a Cricket store in Alcoa, Tennessee, on June 26, 2018 (Count One), and with brandishing a firearm in relation to the robbery (Count Two). Defendant Templin has entered into a plea agreement [Doc. 13] and will not be proceeding to trial. Defendant Singleton enters this case one month before the trial date. The Court finds that a trial continuance is necessary in order to give counsel for Defendant Singleton the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Mr. Menefee needs time to review discovery, interview witnesses, confer with the Defendant, potentially prepare and litigate pretrial motions, and prepare the case for trial. The Court finds that requiring the parties to proceed to trial on December 11 would deprive defense counsel of the reasonable time necessary to prepare for trial effectively, even taking into account counsel's acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, defense counsel's oral motion to continue the trial is **GRANTED**, and the trial of this matter is reset to **February 12, 2019**. The Court finds that all the time between the initial appearance and arraignment on November 9, 2018, and the new trial date of February 12, 2019, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(7)(A)-(B). With regard to other scheduling in this case, the Court set a new deadline for filing pretrial motions of **December 7, 2018**. Responses to motions are due on or before **December 21, 2018**. The parties are to appear before the undersigned for a pretrial conference on **January 8, 2019, at 2:30 p.m.** This date is also the deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions

*in limine* must be filed no later than **January 28, 2019**. Special requests for jury instructions shall be submitted to the Chief District Judge no later than **February 1, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Singleton's oral motion to continue the trial is **GRANTED**;

(2) The trial of this case is reset to commence on **February 12, 2019, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(3) All time between the initial appearance and arraignment on **November 9, 2018**, and the new trial date of **February 12, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is **December 7, 2018**;

(5) Responses to motions are due on or before **December 21, 2018**;

(6) The parties are to appear before the undersigned for a pretrial conference on **January 8, 2019, at 2:30 p.m.**;

(7) **January 8, 2019**, is also the new deadline for concluding plea negotiations and providing reciprocal discovery;

(8) All motions *in limine* must be filed no later than **January 28, 2019**; and

(9) Special requests for jury instructions must be submitted to the Chief District Judge no later than **February 2, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge